IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun Rice

Civil Action No. 03-cv-01298-JLK-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

116.06 ACRES OF LAND, MORE OR LESS,
LOCATED IN LA PLATA COUNTY, STATE OF COLORADO;
and WHEELER ONE TRUST; COLLYER FAMILY TRUST;
LA PLATA COUNTY TREASURER; SHIRLEY ISGAR;
CHARLES ISGAR; ANNE L. ISGAR; CHEVRON U.S.A., INC.;
SOUTHERN UTE INDIAN TRIBE; and UNKNOWN PERSONS, if any,

    Defendants.

---

REPORT AND RECOMMENDATION
RE: UNOPPOSED MOTION FOR JUDGMENT BY DEFAULT
AS TO DEFENDANTS UNKNOWN OWNERS

---

The Plaintiff United States of America, by and through the United States Attorney for the District of Colorado, and pursuant to Fed. R. Civ. P. 55(b)(2), has moved for judgment by default against Defendants Unknown Owners. The matter has been referred to the undersigned Magistrate Judge.

The Magistrate Judge makes the following findings and enters the following recommendation:

## FINDINGS

1. This eminent domain action was commenced to acquire fee simple estates and temporary easements in, on, over, under, and across 116.06 acres of land, more or less, located in La Plata County, Colorado.

2. On July 27, 2006, Plaintiff United States filed a Second Amended Complaint in Condemnation to acquire fee simple estates and temporary easements in, on, over, under, and across 116.06 acres of land, more or less, located in La Plata County, Colorado, that are the subjects of this condemnation action.  (Docket No. 74.)

3. On July 27, 2006, Plaintiff United States filed a Second Amended Declaration of Taking that condemned the fee simple estates and temporary easements in, on, over, under, and across 116.06 acres of land, more or less, located in La Plata County, Colorado.  (Docket No. 75.)

4. On July 27, 2006, Plaintiff United States filed a Second Amended Notice of Condemnation.  (Docket No. 76.)

5. On August 30, 2006, Plaintiff United States filed a Certificate of Service by Publication in reference to Defendants Unknown Owners, if any, pursuant to Fed. R. Civ. P. 71A(d)(3)(B).  (Docket No. 77.)

6. On February 21, 2007, Plaintiff United States filed a Certificate of Proof of Service by Publication and Proof of Publication in reference to Defendants Unknown Owners, if any, pursuant to Fed. R. Civ. P. 71A(d)(3)(B).  (Docket No. 118.)

7. The Proof of Publication certifies the Second Amended Notice of Condemnation was published in the Durango Herald Newspaper, Durango, Colorado, each week for three consecutive weeks. (Docket No. 118.)

8. The last date of publication of the Second Amended Notice of Condemnation in the Durango Herald Newspaper was August 21, 2006. (Docket No. 118.)

9. More than twenty (20) days have elapsed since the date on which Defendants Unknown Owners were served by publication.

10. No Defendant Unknown Owner has filed a notice of appearance, an answer, or otherwise defended this eminent domain action.

11. On February 23, 2007, the Clerk of the Court, pursuant to Fed. R. Civ. P. 55(a), entered an Entry of Default as to Defendants Unknown Owners. (Docket No. 121.)

12. Plaintiff United States knows of no Unknown Owners. See Declaration of Stephen D. Taylor, Assistant United States Attorney.

13. Defendant Wheeler One Trust and Defendant Collyer Family Trust have represented, warranted and stipulated that they were the rightful owners of the fee simple estates and temporary easements in, on, over, under, and across 116.06 acres of land, more or less, located in La Plata County, Colorado, at the time of the filing of the Second Amended Declaration of Taking.

14.	On February 16, 2006, the Stipulated Settlement Agreement By And Among Plaintiff United States Of America And Defendant Wheeler One Trust And Defendant Collyer Family Trust And Defendant La Plata County Treasurer was filed with the Court. (Docket No. 116.)

WHEREFORE, based on the above, the undersigned Magistrate Judge recommends that the Court:

A.	Enter judgment against Defendants Unknown Owners and in favor of Plaintiff United States;

B.	Order that Defendants Unknown Owners be awarded no just compensation in reference to the fee simple estates and temporary easements in, on, over, under, and across 116.06 acres of land, more or less, located in La Plata County, Colorado.

C.	Order that Defendants Unknown Owners shall take nothing as a result of this condemnation action.

Within ten (10) days after being served with a copy of the Findings and Recommendation, a party may serve and file written objections to the Findings and Recommendation with the Clerk of the United States District Court for the District of Colorado. The District Court Judge shall make a *de novo* determination of those portions of the proposed findings or specified recommendation to which objection is made. The District Court Judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations made by the Magistrate Judge. The Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

Failure to make timely objections to the Magistrate Judge's recommendation may result in a waiver of the right to appeal from a judgment of the District Court based on the findings and recommendations of the Magistrate Judge.

Dated this 13th day of March, 2007.

BY THE COURT:

s/Gudrun Rice

Gudrun Rice
United States Magistrate Judge