IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01298-JLK-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

116.06 ACRES OF LAND, MORE OR LESS, LOCATED
    IN LA PLATA COUNTY, STATE OF COLORADO; and

WHEELER ONE TRUST;
COLLYER FAMILY TRUST;
LA PLATA COUNTY TREASURER;
SHIRLEY ISGAR;
CHARLES ISGAR;
ARTHUR R. ISGAR;
ANNE L. ISGAR;
CHEVRON U.S.A., INC.;
SOUTHERN UTE INDIAN TRIBE; and
UNKNOWN OWNERS, if any,

    Defendants.

## FINAL ORDER

    This is a civil condemnation action filed by Plaintiff United States of America, pursuant to 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). The United States has taken certain property under the power of eminent domain for the public use and seeks the ascertainment and award of the just compensation to the owners and parties in interest for the property condemned.

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 40 U.S.C. § 3114. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1403, because the condemned property is located in this judicial district.

The property condemned is required for the construction and operation of Ridges Basin Dam and Reservoir (Lake Nighthorse) which is an integral component of the larger federal project located in southwest Colorado and northwest New Mexico known as the Animas-La Plata Project. (Docket No. 75.) The Animas-La Plata Project fulfills the federal government's trust responsibilities to address the Colorado Ute Indians' water rights; respects existing water rights of non-Indians in the San Juan River Basin; furnishes, via a pipeline, the Navajo Nation with water in the Shiprock, New Mexico, area; allows for municipal and industrial water for non-Indian communities in the Four Corners area; and provides increased certainty for water managers in the San Juan River Basin. Colorado River Basin Project Act, Title V, September 30, 1968 (82 Stat. 896); Colorado-Ute Indian Water Rights Settlement Act of 1988 (102 Stat. 2973); Public Law 106-554, Colorado Ute Settlement Act Amendments of 2000, dated December 21, 2000.

On July 18, 2003, in furtherance of the Animas-La Plata Project, Plaintiff United States filed a Complaint in Condemnation (Docket No. 1) and a Declaration of Taking (Docket No. 2) in this civil action in reference to certain property located in La Plata County, Colorado ("Property"). The legal authority for the taking of the Property and the public uses for which the Property is taken are set forth in Schedule A attached to the

Declaration of Taking.  (Docket No. 2.)  The Property consisted of 118.89 acres, more or less, in fee simple estates and temporary easements on, over, across, and under the Property.  (Docket No. 2.)  The Property consisted of the following parcels:  Parcel RBR-4(Fee)[1], Parcel RBR-4A(Fee), Parcel RBR-4B(Fee), Parcel RBR-4D(Fee), Parcel RBR-4E(Fee), Parcel RBR-4C(T),[2] and Parcel RBR-4F(T).  (Docket No. 2.)

On July 18, 2003, Plaintiff United States deposited into the Registry of the Court the estimated just compensation for the Property.  (Docket No. 3.)

Defendant Wheeler One Trust and Defendant Collyer Family Trust represent, warrant, and stipulate that they were the rightful owners of the Property at the time of the filing of the Declaration of Taking.  (Docket No. 7.)

On March 3, 2004, the parties filed the Stipulated Dismissal in Reference to Parcel RBR-4D(Fee), Parcel RBR-4E(Fee), and Parcel RBR-4F(T) ("Stipulated Dismissal").  (Docket No. 18.)  Pursuant to the Stipulated Dismissal, Parcel RBR-4D(Fee) and Parcel RBR-4E(Fee) were dismissed in this civil action and re-condemned in related civil condemnation actions.  The temporary easement in reference to Parcel RBR-4F(T) was dismissed.  (Docket No. 18.)

On March 3, 2004, Plaintiff United States, with the consent of Defendant Wheeler One Trust and Defendant Collyer Family Trust, among others, (Docket No. 17) filed an Amended Complaint in Condemnation (Docket No. 16) and an Amended Declaration of

---

[1] The designation "(Fee)" indicates that the parcel was taken in fee simple.

[2] The designation "(T)" indicates that a temporary easement was taken.

Taking (Docket No. 15) in reference to certain property located in La Plata County, Colorado ("Amended Property"). The legal authority for the taking of the Amended Property and the public uses for which the Amended Property is taken are set forth in the Amended Schedule A attached to the Amended Declaration of Taking. (Docket No. 15.)

The Amended Property consisted of 113.74 acres, more or less, in fee simple estates and temporary easements on, over, across, and under the Amended Property. (Docket No. 15.) The Amended Property consisted of the following parcels: Parcel RBR-4(Fee), Parcel RBR-4A(Fee), Parcel RBR-4B(Fee), Parcel RBR-4C(T), and Parcel RBR-4G(T). (Docket No. 15.)

Defendant Wheeler One Trust and Defendant Collyer Family Trust represent, warrant, and stipulate that they were the rightful owners of the Amended Property at the time of the filing of the Amended Declaration of Taking. (Docket No. 14.) Thereafter, with the consent of Defendant Wheeler One Trust and Defendant Collyer Family Trust, among others, the estimated just compensation for the Amended Property was adjusted. (Docket No. 18.) On April 15, 2004, pursuant to an Order dated April 7, 2004, the Clerk of the Court disbursed the adjusted estimated just compensation to Defendant Wheeler One Trust and Defendant Collyer Family Trust. (Docket No. 25.)

On July 27, 2006, Plaintiff United States, with the consent of Defendant Wheeler One Trust and Defendant Collyer Family Trust, among others, filed a Second Amended Complaint in Condemnation (Docket No. 74) and a Second Amended Declaration of

Taking (Docket No. 75) in reference to certain property located in La Plata County, Colorado, as more particularly described in the Second Amended Schedule B and delineated in the maps in the Second Amended Schedule C attached to the Second Amended Declaration of Taking ("Second Amended Property").

The authority for the taking of the Second Amended Property and the public uses for which the Second Amended Property is taken are set forth in the Second Amended Schedule A attached to the Second Amended Declaration of Taking.  (Docket No. 75.)

The Second Amended Property consists of 116.06 acres, more or less, in fee simple estates and temporary easements on, over, across, and under the Second Amended Property.  (Docket No. 75.)  The Second Amended Property consists of the following parcels:  Parcel RBR-4(Fee), Parcel RBR-4A(Fee), Parcel RBR-4B(Fee), Parcel RBR-4H(Fee), Parcel RBR-4C(T), and Parcel RBR-4G(T).  (Docket No. 75.)

Defendant Wheeler One Trust and Defendant Collyer Family Trust represent, warrant, and stipulate that they were the rightful owners of the Second Amended Property at the time of the filing of the Second Amended Declaration of Taking.  (Docket No. 116.)  Plaintiff United States did not deposit additional funds in reference to the estimated just compensation for the Second Amended Property.  (Docket No. 75.)

On November 2, 2006, pursuant to a settlement agreement between Plaintiff United States, Defendant Wheeler One Trust and Defendant Collyer Family Trust, Plaintiff United States deposited additional funds into the Registry of the Court.  (Docket

No. 91.)

On February 16, 2007, Plaintiff United States, Defendant Wheeler One Trust, and Defendant Collyer Family Trust filed the Stipulated Settlement Agreement By And Among Plaintiff United States And Defendant Wheeler One Trust And Defendant Collyer Family Trust And Defendant La Plata County Treasurer ("Settlement Agreement").  (Docket No. 116.)  The Settlement Agreement resolves all issues related to just compensation between Plaintiff United States, Defendant Wheeler One Trust, Defendant Collyer Family Trust, and Defendant La Plata County Treasurer.  (Docket No. 116.)  Pursuant to the Settlement Agreement, the United States agreed to pay Defendant Wheeler One Trust and Defendant Collyer Family Trust a total of Four Hundred Twenty-Five Thousand Dollars ($425,000) in just compensation for the Second Amended Property.  (Docket No. 116.)  In addition, the Settlement Agreement provides that Defendant La Plata County Treasurer acknowledges that all taxes due and owing for all of the Second Amended Property have been paid and waives any right to the just compensation paid pursuant to the Settlement Agreement.  (Docket No. 116.)

On February 20, 2007, Defendant La Plata County Treasurer filed a Disclaimer of Interest of Defendant La Plata County Treasurer in which Defendant La Plata County Treasurer disclaims all interest in the compensation that may be awarded in this civil action.  (Docket No. 117.)

By Order dated February 27, 2007, the Clerk of the Court disbursed the

remaining amount of just compensation in the Registry of the Court plus applicable interest, less Registry Fees to Defendant Wheeler One Trust and Defendant Collyer Family Trust.  (Docket No. 125.)

On March 7, 2007, Defendant Southern Ute Indian Tribe filed a Disclaimer of Interest of Defendant Southern Ute Indian Tribe ("Southern Ute Disclaimer").  (Docket No. 126.)  Pursuant to the terms and conditions of the Southern Ute Disclaimer, Defendant Southern Ute Indian Tribe disclaims and waives any and all claim, right, title, interest and/or estate in the just compensation paid for the Second Amended Property.

On April 2, 2007, Defendants Shirley Isgar, Charles Isgar, Arthur Isgar, and Anne L. Isgar ("Isgar Defendants") filed the Disclaimer of Shirley Isgar, Charles Isgar, Arthur Isgar, and Anne L. Isgar ("Isgar Disclaimer").  (Docket No. 129.)  Pursuant to the terms and conditions of the Isgar Disclaimer, the Isgar Defendants disclaim and waive any and all claim, right, title, interest and/or estate in the just compensation paid for the Second Amended Property.

On April 3, 2007, the Court adopted the recommendation of the Magistrate Judge and granted Plaintiff's Unopposed Motion for Judgement by Default as to Defendants Unknown Owners and ordered judgment be entered against Defendants Unknown Owners.  (Docket No. 130.)  On April 5, 2007, the Clerk of the Court entered Judgment against Defendants Unknown Owners.  (Docket No. 131.)

On May 16, 2007, Defendant Chevron U.S.A. Inc. filed a Disclaimer of Chevron

U.S.A. Inc. and Stipulation by and Between Plaintiff, United States of America, and Defendant Chevron U.S.A. Inc. ("Chevron Disclaimer").  (Docket No. 132.)  Pursuant to the terms and conditions of the Chevron Disclaimer, Defendant Chevron U.S.A. Inc., disclaims and waives any and all claim, right, title, interest and/or estate in the just compensation paid for the Second Amended Property.  (Docket No. 132.)

This matter now comes before the Court on the Unopposed Motion By Plaintiff United States of America For A Final Order and For Entry of Judgment, and for good cause shown, it is hereby

ORDERED that the fee simple estates and temporary easements consisting of Parcel RBR-4(Fee), Parcel RBR-4A(Fee), Parcel RBR-4B(Fee), Parcel RBR-4H(Fee), Parcel RBR-4C(T), and Parcel RBR-4G(T) condemned in the Second Amended Declaration of Taking in this civil action are for the public use as authorized by law; and it is further

ORDERED that Defendant Wheeler One Trust and Defendant Collyer Family Trust were the rightful owners of Parcel RBR-4(Fee), Parcel RBR-4A(Fee), Parcel RBR-4B(Fee), and Parcel RBR-4C(T) on July 18, 2003, at the time of the filing of the Declaration of Taking filed in this civil action; and it is further

ORDERED that Defendant Wheeler One Trust and Defendant Collyer Family Trust were the rightful owners of Parcel RBR-4G(T) on March 3, 2004, at the time of the filing of the Amended Declaration of Taking; and it is further

ORDERED that Defendant Wheeler One Trust and Defendant Collyer Family Trust were the rightful owners of Parcel RBR-4H(Fee) on July 27, 2006, at the time of the filing of the Second Amended Declaration of Taking; and it is further

ORDERED that the title to the fee simple estates for Parcel RBR-4(Fee), Parcel RBR-4A(Fee), and Parcel RBR-4B(Fee) vested in the United States of America on July 18, 2003, upon the date of the filing of the Declaration of Taking; and it is further

ORDERED that the title to the fee simple estates for Parcel RBR-4H(Fee) vested in the United States of America on July 27, 2006, upon the date of the filing of the Second Amended Declaration of Taking;

ORDERED that the temporary easements condemned in this civil action are taken for the right to stockpile and for a disposal area for materials, the right to clear the temporary easements and to construct, reconstruct, relocate, operate, and maintain facilities and equipment for use in processing borrow area materials, for the right to construct, reconstruct, relocate, operate and maintain any required utilities that support the above-mentioned facilities and equipment, for the right to install and reinstall temporary fencing, and for the right of access and use by the Bureau of Reclamation, its employees, contractors, agents, and assigns, on, over, across, and under the temporary easements until December 31, 2010; and it is further

ORDERED that the title to the fee simple estates, as more particularly described in the Second Amended Declaration of Taking filed in this civil action, includes the land, all buildings, improvements and fixtures thereon, and appurtenant water rights, including

any and all Basin Creek water and water rights including stock watering rights and Harbaugh Ditch, 1.5 cfs, Ditch No. 34-Animas, District Priority No. 174, Tributary No. A-39, in Water District No. 30, Water Division No. 7, State of Colorado, and any appurtenances thereto belonging, such that the surface estate becomes the dominant estate; and it is further

ORDERED that the title to the fee simple estates condemned in Parcel RBR-4(Fee), Parcel RBR-4A(Fee), and Parcel RBR-4B(Fee) are subject to existing rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits, or pipelines existing on July 18, 2003; and it is further

ORDERED that the title to the fee simple estate condemned in Parcel RBR-4H(Fee) is subject to existing rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits, or pipelines existing on July 27, 2006; and it is further

ORDERED that the title to the fee simple estates condemned in this civil action are excepting and reserving therefrom all coal, oil, gas, and mineral rights, more than 200 feet below the surface; and it is further

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions of the Disclaimer of Interest of Defendant Southern Ute Indian Tribe filed on March 7, 2007, which is incorporated as part of this Final Order; and it is further

ORDERED that the title to the fee simple estates condemned in this civil action

are subject to the terms and conditions of the Disclaimer of Shirley Isgar, Charles Isgar, Arthur Isgar, and Anne L. Isgar filed on April 2, 2007, which is incorporated as part of this Final Order; and it is further

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions of the Disclaimer of Chevron U.S.A. Inc. and Stipulation by and Between Plaintiff, United States of America, and Defendant Chevron U.S.A. Inc. filed May 16, 2007, which is incorporated as part of this Final Order; and it is further

ORDERED that the title to the fee simple estates condemned in this civil action are vested in the United States of America free and clear of all claims and liens of whatever kind, except:

    A. Rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits, or pipelines existing on July 18, 2003, on  Parcel RBR-4(Fee), Parcel RBR-4A(Fee), and Parcel RBR-4B(Fee);

    B. Rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits, or pipelines existing on July 27, 2006, on Parcel RBR-4H(Fee);

    C. All coal, oil, gas, and mineral rights, more than 200 feet below the surface;

    D. The rights-of-way, easements, rights, and/or interests identified in the

    Disclaimer of Interest of Defendant Southern Ute Indian Tribe filed on March 7, 2007; and

 E. The rights-of-way, easements, rights, and/or interests identified in the Disclaimer of Shirley Isgar, Charles Isgar, Arthur Isgar, and Anne L. Isgar filed on April 2, 2007; and

 F. The rights-of-way, easements, rights, and/or interests identified in the the Disclaimer of Chevron U.S.A. Inc. and Stipulation by and Between Plaintiff, United States of America, and Defendant Chevron U.S.A. Inc. filed May 16, 2007; and it is further

ORDERED that the Stipulated Settlement Agreement By And Among Plaintiff United States And Defendant Wheeler One Trust And Defendant Collyer Family Trust And Defendant La Plata County Treasurer is incorporated as part of this Final Order ; and it is further

ORDERED that, pursuant to the Stipulated Settlement Agreement By And Among Plaintiff United States And Defendant Wheeler One Trust And Defendant Collyer Family Trust And Defendant La Plata County Treasurer, the just compensation for the fee simple estates and temporary easements condemned by the Second Amended Declaration of Taking in this civil action is Four Hundred Twenty-Five Thousand Dollars ($425,000); and it is further

ORDERED that all named Defendants and Defendants Unknown Owners, except

Defendant Wheeler One Trust and Defendant Collyer Family Trust, shall take nothing by reason of this civil condemnation action; and it is further

ORDERED that each party shall bear its own attorney's fees, costs and expenses.

DATED this 15th day of June, 2007.

BY THE COURT:

*S/John L. Kane*
JOHN L. KANE
United States District Senior Judge